UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN LEE RYCKMAN,

        Plaintiff,

  v.

        Case No. 20-cv-538-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

      To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, not married, and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff states that his only income is $194 per month in Food Share, id. at 2, and he lists no expenses at all, id. at 2-3. The plaintiff does not own a car, a home, or any other property of value, and he

1

has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I live with my mother and her husband. I have a place to stay but otherwise I have nothing else." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed his complaint on this court's standard form. Dkt. No. 1. The complaint indicates that the plaintiff is seeking review of an unfavorable decision by the Commissioner, that he was disabled during the time period included in the case, and that

> [t]he decision found moderate limitations in concentration, persistence and pace, but [neither] the RFC assessment nor the hypothetical provided to the vocational expert contained appropriate limitations for this finding. The RFC assessment was not function by function as required under the Ruling. The credibility assessment used the condemned "not entirely consistent" language, but the decision failed to contain a[n] assessment that comports with controlling law. The decision picks and chooses evidence of mental issues.

Id. at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 16th day of April, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**